IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER GIBBONS,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>NA PIZZA, LLC d/b/a PAPA JOHN'S,<br>AHMER GHAURI, and NAVEED REHMAN<br><br>*Defendant* | § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Jennifer Gibbons brings this action individually and on behalf of all current and former hourly employees (hereinafter "Plaintiff" and/or "Putative Class Members") who worked for Defendants NA Pizza d/b/a Papa John's, LLC, Ahmer Ghauri, and/or Naveed Rehman ("Defendants") at any time in the last three years and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate the employees for all hours worked, and/or were not paid the federal minimum wage. Plaintiff and the Putative Class Members bring this collective action to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1 This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* to recover for violations of the minimum wage and overtime provisions of the Act.

1.2     Plaintiff and the Putative Class Members are those persons who worked for Defendants within the last three years and worked off the clock without pay, had timekeeping techniques utilized against them that would not adequately compensate the employees for all hours worked, and were not paid the federal minimum wage when working as pizza delivery drivers.

1.3     Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.4     Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not (and are not) paid the federal minimum wage when working as pizza delivery drivers.

1.6     The decision by Defendants not to pay federally mandated minimum wage or the proper amount of overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members were paid an hourly rate and did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.10     Plaintiff Gibbons also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Jennifer Gibbons ("Gibbons") is an individual who resides in Washington County, Texas. Plaintiff Gibbons was employed by Defendants within the meaning of the FLSA within the relevant three-year period. Plaintiff Gibbons did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2] Additionally, Plaintiff was not paid the federal minimum wage for work performed as a pizza delivery driver.

2.2     The Putative Class Members are those current and former employees who work (or have worked) for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Gibbons worked and was paid.

2.3     NA Pizza, LLC is a Texas corporation, having its principal place of business in Richmond, Fort Bend County, Texas, and may be served with process through its registered agent for service, Bay Area Business Service's Inc., 219 N. Michigan Avenue, League City, Texas 77573.

2.4     Ahmer K. Ghauri is a managing member of Defendant NA Pizza, LLC and an employer as defined by 29 U.S.C. § 203(d). Ghauri, along with NA Pizza, LLC and Naveed Rehmen, employed or jointly employed Plaintiff and the Putative Class Members. Ghauri may be served at 9006 Painted Daisy Lane, Katy, Texas 77494 or wherever he may be found.

2.5     Naveed Rehman is also a managing member of Defendant NA Pizza, LLC and an employer as defined by 29 U.S.C. § 203(d). Rehman, along with NA Pizza, LLC and Ahmer Ghauri, employed or jointly employed Plaintiff and the Putative Class Members. Rehman may be served at 9006 Painted Daisy Lane, Katy, Texas 77494, or wherever he may be found.

---

[2] The written consent of Jennifer Gibbons is attached hereto as Exhibit "A."

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They dictate the are involved in the day to day management of NA Pizza, LLC. Further, Defendants manage key internal relationships to NA Pizza, LLC; they direct the entities financials and they control the hourly job rates of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants. Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2     This Court has personal jurisdiction over Defendants because all Defendants reside and do business in this district and division.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where defendants maintain their principal place of business and their residences are located within this district.

3.4     Specifically, Defendant NA Pizza, LLC maintains its principal place of business in Richmond, Fort Bend County, Texas, which is located within this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1 At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2 At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 Specifically, Defendants own and operate Papa John's franchises wherein Plaintiffs and Putative Class Members work with equipment and ingredients that have traveled in interstate commerce.

4.5 During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

4.6 Plaintiff and the Putative Class Members were required to operate a telephone and utilize the internet while performing their necessary job duties.

4.7 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.8 Specifically, Plaintiff and the Putative Class Members were engaged in performing server and waiting type job duties associated with working in the restaurant and service industry. 29 U.S.C. § 203(j).

4.9 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.10 The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former hourly employees (hereinafter "Plaintiff" and/or "Putative Class Members") who worked for Defendants NA Pizza, LLC d/b/a Papa John's, Ahmer Ghauri, and/or Naveed Rehman ("Defendants") at any time in the last three years and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate the employees for all hours worked, and/or were not paid the federal minimum wage.

4.11 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## V.
## FACTS

5.1 NA Pizza, LLC is a Papa John's franchisee that does business in and around the greater Houston Metroplex. On information and belief, there are multiple Papa John's restaurants that are owned and operated by Defendants that engage in the same conduct Plaintiff contends violates the FLSA.

5.2     Plaintiff Gibbons worked for Defendants from approximately June of 2015 to May of 2016. Plaintiff Gibbons initially worked as a pizza delivery driver before being promoted to a manager in October of 2015.

5.3     Plaintiff and the Putative Class Members received a fixed hourly wage from Defendants.

5.4     Pizza delivery drivers received a lower hourly wage and also received tips.

5.5     Plaintiff and the Putative Class Members work long hours. Specifically, these individuals regularly worked (and continue to work) more than ten (10) hours in a day, and more than forty (40) hours in a week.

5.6     Even though Plaintiff and the Putative Class Members worked in excess of forty (40) hours per week, Defendants did not (and still does not) pay them the correct amount of overtime for all hours worked in excess of forty (40) hours in a week. Often, Defendants would adjust Plaintiff and the Putative Class Members timesheets to reflect less than forty (40) hours worked.

5.7     There were times that Defendants required Plaintiff and the Putative Class Members to attend "team" or "work" meetings and refused to pay them for that time.

5.8     Additionally, Defendants took no actions to insure that the pizza delivery drivers were compensated at the federally mandated minimum rate because they did not track tips received from customers. As a result, there are and were instances in which Plaintiff and the Putative Class Members' compensation fell below the minimum wage because the tips received were not adequate to offset the lower hourly rate.

5.9     Because Defendants would alter Plaintiff and the Putative Class Members' timesheets to reflect no more than forty (40) hours per workweek, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA. Specifically, Defendants owe Plaintiff and the Putative Class Members the difference between the wages actually paid and the proper

overtime wages, in addition to paying Plaintiff and the Putative Class Members the appropriate wages for their time spent delivering pizzas

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1 Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed and for failing to ensure its employees were compensated and the federally mandated minimum wage.

6.2 Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees minimum wage and overtime compensation for all of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3 Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4 Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

6.6 The decisions and practices by Defendants not to properly pay minimum wage and overtime compensation for all of Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to receive the minimum wage and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former employees of Defendants who are (or were) similarly situated to Plaintiff Gibbons with regard to the work they have performed and the manner in which they have been underpaid.

6.9     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former employees who worked for NA Pizza, LLC d/b/a Papa John's, Ahmer Ghauri, and/or Naveed Rehman within the last three years and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate the employees for all hours worked, and/or were not paid the federal minimum wage."

6.11    Defendants' failure to properly pay minimum wage and overtime compensation results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiff and Putative Class Members.

6.12    Thus, Plaintiff Gibbons' experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated at minimum wage and for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16 Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR NA PIZZA, LLC D/B/A PAPA JOHN'S, AHMER GHAURI, AND/OR NAVEED REHMAN WITHIN THE LAST THREE YEARS AND WORKED OFF THE CLOCK WITHOUT PAY, HAD TIME KEEPING TECHNIQUES UTILIZED AGAINST THEM THAT DID NOT ADEQUATELY COMPENSATE THE EMPLOYEES FOR ALL HOURS WORKED, AND/OR WERE NOT PAID THE FEDERAL MINIMUM WAGE**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for

liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding punitive damages;

  i. For an Order compelling the accounting of the books and records of Defendants; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**